```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| AMERICA'S HEALTH & RESOURCE CENTER, LTD. and AFFILIATED HEALTH GROUP, LTD., Individually and as the Representatives of a Class of Similarly Situated Persons,<br><br>        Plaintiffs,<br><br>      v.<br><br>PROMOLOGICS, INC. d/b/a HEALTH-SCRIPTS, JANSSEN PHARMS., INC., and JOHN DOES 1-12,<br><br>        Defendants. | Case No. 16 C 9281<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Motions to Dismiss filed by Defendants Promologics, Inc. d/b/a Health-Scripts ("Health-Scripts") and Janssen Pharmaceuticals, Inc. ("Janssen") [ECF Nos. 42, 45]. For the reasons to follow, the Court grants in part and denies in part Defendants' Motions. Count II is hereby dismissed for failure to state a claim.

### I.  BACKGROUND

Plaintiffs America's Health & Resource Center ("AHRC") and Affiliated Health Group, Ltd. ("Affiliated") filed this putative class action lawsuit under the Telephone Consumer Protection Act

("TCPA") and Illinois conversion law.  Plaintiffs allege that, on May 29, 2016, Defendants Health-Scripts and Janssen sent them a three-page fax lacking TCPA-required opt out notices. (*See*, ECF No. 1 ("Am. Compl.") ¶ 26.)  Affiliated claims that it received the fax on its machine, whereas AHRC maintains that the fax was printed on its "paper and toner and wasted the time of its employees." (Am. Compl. ¶¶ 46-47.)  Attached to the Amended Complaint is a copy of the fax; it does not appear to be addressed to either company, nor is a recipient's fax number discernible. (*See, id.* at Ex. A.)  No statements on the fax specifically promote products or services commercially available from either Health-Source or Janssen.

Instead, the fax, addressed to "Nurse Practitioners & Physician Assistants," invites recipients to a free "promotional educational activity" in the form of an "Educational Dinner Program" and requests that those interested in attending RSVP by calling or faxing a form. (Am. Compl. at Ex. A.)  It lists the title of the dinner presentation as "Treatment Options for Adult Patients with Type 2 Diabetes Mellitus" and identifies Janssen as the sponsor. (*Ibid.*)  The RSVP form includes a checkable box requesting removal from the mailing list and expressly states that the "program is intended for NPs and PAs who treat adults with type 2 diabetes." (*Ibid.*)  In fine print, the RSVP form

also provides: "By submitting this form, I understand that I am giving Health-Scripts permission to use my personal information to provide me with information and offers from healthcare companies. I understand I may revoke my permission at any time by e-mailing us at contact@health-scripts.com." (*Ibid.*)

Janssen is a pharmaceutical company that provides medications and treatments for, among other afflictions, type 2 diabetes. (Am. Compl. ¶ 20.) Specifically, Janssen markets a brand-name drug, Invokana, which is used to treat patients with type 2 diabetes. (*Ibid.*) Health-Scripts, on the other hand, offers networking services for connecting medical professionals, such as nurse practitioners, to leading pharmaceutical companies and healthcare organizations. (*Id.* ¶ 22.)

## II. **DISCUSSION**

Defendants move to dismiss both of Plaintiffs' counts. With respect to the TCPA count under 47 U.S.C. § 227, Defendants advance three arguments. First, they assert that Plaintiffs' allegations fail to give them sufficient notice as to the specific nature of AHRC's and Affiliated's claims or involvement in receiving the fax. Second, Defendants maintain that the fax is not an "advertisement" within the statutory definition of the TCPA. Third, Promologics argues under Rule 12(b)(1) that the failure of an unsolicited fax to set forth an "opt-out" notice

amounts to a bare procedural violation insufficient to confer standing after *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016). Plaintiffs, on the other hand, allege that the fax constitutes an "unsolicited advertisement" because Health-Scripts gathers and sells seminar registrants' data, and that the fax was a pretext for promotion of Janssen's medications at the seminar. (*See, e.g.,* ECF No. 21 ("Am. Compl.") ¶¶ 23-24, 27-28, 64-66, 88-89.) As for the conversion claim, Defendants contend that Plaintiffs allege only *de minimis* damages.

When considering motions to dismiss under Rules 12(b)(1) and 12(b)(6), a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the non-moving party. *See, e.g., Jakupovic v. Curran,* 850 F.3d 898, 902 (7th Cir. 2017); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents attached to the Complaint are considered part of it. *See, e.g., Moranski v. Gen. Motors Corp.,* 433 F.3d 537, 539 (7th Cir. 2005) (citing Fed. R. Civ. P. 10(c)).

To Defendants' first argument, the Court responds that Plaintiffs sufficiently allege receipt of the May 29, 2016 fax by averring that AHRC owned the paper and toner used to print the fax and that Affiliated owned the telephone line, fax number, and fax machine. It is immaterial that AHRC apparently

did not own the fax machine. *See, Arnold Chapman and Paldo Sign & Disp. Co. v. Wagener Equities, Inc.*, 747 F.3d 489, 491 (7th Cir. 2014) ("[W]hat the Act prohibits is faxing unsolicited fax advertisements 'to a telephone facsimile machine.' § 227(b)(1)(C). There is no mention of ownership. . . . [T]he lessee of a fax machine pays for the paper and often for the ink. And if he doesn't no matter."). While true that Plaintiffs collectively may enjoy only one recovery for the single TCPA violation they allege, Defendants furnish no authority for their argument that a single transmission of a junk fax can only ever implicate one plaintiff. By pleading the date on which they received the fax, attaching the fax itself to their Complaint, alleging from whom they received the fax, and including Health-Source's RSVP form on which its fax number is listed, Plaintiffs give Defendants fair notice of their TCPA claim. *Cf., Abbas v. Selling Source, LLC,* No. 09 C 3413, 2009 WL 4884471, at *6 (N.D. Ill. Dec. 14, 2009) (dismissing TCPA complaint without prejudice where plaintiff failed to plead "when [plaintiff] received the [] messages, what those messages stated, or from what numbers he received the [] messages"). The cases Defendants cite obligating a plaintiff to plead the number to which the fax was sent all concern TCPA cellular telephone claims, the statutory framework for which requires that the offending calls were

placed to a "telephone *number* assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Because Defendants cite no authority imposing a comparable requirement under the different provisions governing junk faxes, the Court is unconvinced that they lack sufficient notice of the claim purely on account of Plaintiffs' failure to include Affiliated's fax number.

Second, Defendants argue that the TCPA count should fail because the fax at issue does not fit the statutory definition of an "unsolicited advertisement." The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quantity of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Citing this language, Defendants stress that the fax at issue promoted only a free dinner seminar for certain healthcare professionals and did not advertise the commercial availability or quantity of any property, goods, or services.

Congress has not answered the question whether a fax promoting free services can amount to an "unsolicited advertisement" under the TCPA. However the Federal Communications Commission, which administers the TCPA, has

promulgated the following rule: "[F]acsimile messages that promote goods or services even at no cost, such as free magazine subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition. In many instances, 'free' seminars serve as a pretext to advertise commercial products and services." *Rules and Regs. Implementing the Tel. Cons. Prot. Act of 1991 and the Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25967, 25973 (May 3, 2006). Courts within this District have accepted this construction of the statute and recognize that "[f]axes promoting a free seminar may constitute an 'unsolicited advertisement' since free seminars are often a pretext to market products or services." *Physicians Healthsource, Inc. v. Alma Lasers, Inc.,* No. 12 C 4978, 2012 WL 4120506, at *2 (N.D. Ill. Sept. 18, 2012) (concluding that complaint should "allege[] that the seminar is part of [the defendant's] work or operations to market [its] goods or services"). On the other hand, a free seminar fax falls outside the TCPA's definition of "unsolicited advertisement" where, for example, the seminar requires pre-screening of participants and the complaint fails to allege that the seminar was a pretext. *See, Phillips Randolph Enters., LLC v. Adler-Weiner*, 526 F.Supp.2d 851, 853 (N.D. Ill. 2007). Courts outside this District have applied a similar rationale to faxes advertising

clinical trials, reasoning that such missives are not "unsolicited advertisements" if participants in the promoted activity undergo a selection process and are offered compensation. *See, Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Res. Inst., Inc.,* No. 06 C 369, 2006 WL 1766812, at *1 (W.D. Mo. June 23, 2006).

In this case, unlike in *Phillips Randolph*, Plaintiffs plausibly allege that the fax was a pretext to an advertisement. Specifically, Plaintiffs assert that Health-Scripts (by selling registrant data) and Janssen (by drumming up interest in its pharmaceuticals and inducing medical professionals to prescribe them) utilized the free seminar to further their commercial efforts. *Accord, North Suburban Chiro. Clinic, Ltd. v. Merck & Co., Inc.,* No. 13 C 3113, 2013 WL 5170754 (N.D. Ill. Sept. 13, 2013). What is more, Defendants' fax "d[id] not require that interested recipients be qualified and pre-screened" but instead was merely directed to a limited universe of nurse practitioners and medical assistants. *Id.* at *3 ("Here, the only restriction on eligible participants is the statement that the webcast is 'for health care professionals only.'"); *see also, Sadowski v. OCO Biomedical, Inc.,* No. 08 C 3225, 2008 WL 5082992, at *2 (N.D. Ill. Nov. 25, 2008) ("The fact that the fax was sent only to dentists or otherwise qualified individuals does not change

its commercial nature."). Promoting a free seminar touching on medical topics related to Janssen's drugs, directing registrants to consent to Health-Scripts's sharing personal information, and engendering allegations of pretext – all are features of Defendants' fax that make it more akin to the "unsolicited advertisements" at issue in *Merck* and *Alma Lasers* than the unoffending faxes in *Phillips Randolph* and *Ameriguard.*

Accordingly, Plaintiffs have plausibly alleged that the fax was an "unsolicited advertisement" under the TCPA. *See, Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms, Inc.*, 847 F.3d 92, 95 (2d Cir. 2017) ("[A]t the pleading stage, where it is alleged that a firm sent an unsolicited fax promoting a free seminar discussing a subject that relates to the firm's products or services, there is a plausible conclusion that the fax had the commercial purpose of promoting those products or services. . . . [Defendants] may rebut such an inference by showing that [they] did not or would not advertise [their] products or services at the seminar, but only after discovery.").

Third, Health-Scripts challenges Plaintiffs' standing to bring this action in light of *Spokeo,* which established that "a bare procedural violation" of a statute flunks Article III's injury-in-fact requirement. *Spokeo,* 136 S.Ct. at 1549-50.

Citing out-of-circuit cases such as *ARcare v. Qiagen North Am. Holdings, Inc.,* No. 16 C 7638, 2017 WL 449173 (C.D. Cal. Jan. 19, 2017), Health-Scripts contends that the alleged TCPA opt-out notice violation is not traceable to the injuries Plaintiffs complain of: lost paper and toner, interference with Affiliated's use of its fax machine and phone line, and wasted employee time. According to Health-Scripts, Plaintiffs would have suffered these same injuries even had the fax included the TCPA-required opt-out notices. As an initial matter, the Ninth Circuit appears to have overruled *ARcare*. *See, Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037, 1043 (9th Cir. 2017) (holding that plaintiff's receipt of unsolicited text messages was sufficient harm to confer standing, because "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients" such that "[a] plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified'") (quoting *Spokeo,* 136 S.Ct. at 1549). In any event, post-*Spokeo* courts in this Circuit have repeatedly held that mere receipt of a fax alleged to lack TCPA opt-out notices constitutes sufficient harm for purposes of Article III standing. *See, e.g., Fauley v. Royal Canin U.S.A., Inc.,* No. 15 C 2170, 2017 WL 2955351, at *2 (N.D. Ill. July 10, 2017) ("[I]n

the absence of an adequate opt-out notice, plaintiff suffered an injury the moment he received the fax, and thus has standing to sue.") (internal quotation marks omitted); *Davies v. W.W. Grainger, Inc.,* No. 13 C 3546, 2016 WL 6833902, at *2 (N.D. Ill. Nov. 21, 2016) ("If the Court, for the sake of argument, assumes that the opt-out notice on the fax [defendant] sent [plaintiff] was not clear and conspicuous, then [plaintiff] suffered an injury the moment he received the fax. This is the same injury [plaintiff] would have suffered if the fax failed to include an opt-out notice all together [*sic*]. This violation of the TCPA would have directly caused [plaintiff's] harm. Therefore, the Court finds that [defendant] has Article III standing because he has asserted an injury in fact."). As such, *Spokeo* does not supply a persuasive standing-based argument for dismissing Plaintiffs' TCPA claim.

Finally, Defendants urge the Court to dismiss Plaintiffs' claim for conversion on the basis that the alleged damages from receipt of the single three-page fax are *de minimis*. The Court agrees, as "dismissing such claims under the *de minimis* maxim has been the trend in authority in this circuit." *A Custom Heating & Air Cond., Inc. v. Kabbage, Inc.,* No. 16 C 2513, 2017 WL 2619144, at *3-5 (N.D. Ill. June 16, 2017) (collecting cases). The most Plaintiffs can hope to gain from a favorable

judgment on Count II is "a few pennies – a fact equally true" at all relevant times and unaltered by the class action device. *Id.* at *4. As such, Count II for conversion is dismissed for failure to state a claim.

### III. CONCLUSION

For the reasons stated herein, the Court grants in part and denies in part Defendants' Motions to Dismiss [ECF Nos. 42, 45]. Count II is hereby dismissed for failure to state a claim.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: November 2, 2017